IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JENNIFER ODDO, | § | CIVIL ACTION NO. 13-6141 |
| Plaintiff, | § § § | |
| v. | § § | SECTION "N" (ENGELHARDT) |
| AMERICAN HERITAGE LIFE INSURANCE COMPANY and BRANDI L. TAMOR, | § § § | MAGISTRATE "3" (KNOWLES) |
| Defendants. | § § § | |

# **DEFENDANT'S ANSWER**

Defendant American Heritage Life Insurance Company ("AHL") files its answer to Plaintiff's Petition for Damages (the "Petition"), and respectfully states:

**1.** With respect to the allegations contained in Paragraph no. 1(a)-(b), admits AHL is a Florida corporation, with its principal place of business in Jacksonville, Florida; admits AHL is an indirect subsidiary of The Allstate Corporation; admits AHL is authorized to transact business in Louisiana; admits, on information and belief, that Brandi L. Tamor ("Tamor") is a resident of Louisiana; and denies the remaining allegations contained therein.

**2.** With respect to the allegations contained in Paragraph no. 2, states the allegations regarding venue are moot, as this action has been removed to federal court; admits this Court has jurisdiction of this action, but AHL denies liability; admits this

{N2713439.1}

Court has venue of this action, but AHL denies liability; and denies the remaining allegations contained therein.

  **3.**  AHL denies the allegations contained in Paragraph no. 3.

  **4.**  AHL admits the allegations contained in Paragraph no. 4, on information and belief.

  **5.**  With respect to the allegations contained in Paragraph no. 5, admits it issued Flexible Premium Adjustable Life Insurance Policy No. Z566126U to William A. Oddo ("Oddo"), effective November 15, 2011 (the "Policy"), subject to the terms and conditions thereof; states that the Policy speaks for itself; and denies the remaining allegations contained therein.

  **6.**  AHL admits the allegations contained in Paragraph no. 6, on information and belief.

  **7.**  With respect to the allegations contained in Paragraph no. 7, admits Plaintiff submitted a claim for benefits under the Policy (the "Claim"); admits that it denied the Claim by letter dated April 10, 2013 (the "Denial"); states that the Denial speaks for itself; and denies the remaining allegations contained therein.

  **8.**  With respect to the allegations contained in Paragraph no. 8, states the Denial speaks for itself; and denies the remaining allegations contained therein.

  **9.**  AHL denies the allegations in Paragraph no. 9.

  **10.**  With respect to the allegations contained in Paragraph no. 10, admits Oddo had prior insurance policies with AHL, but that such policies terminated prior to

submitting his application for the subject Policy; states Tamor is the independent insurance agent who solicited the applications for the prior insurance policies Oddo had with AHL, and the subject Policy; and denies the remaining allegations contained therein.

11. With respect to the allegations contained in Paragraph no. 11, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

12. With respect to the allegations contained in Paragraph no. 12, admits Oddo had prior insurance policies with AHL, but that such policies terminated prior to submitting his application for the subject Policy; and denies the remaining allegations contained therein.

13. AHL denies the allegations contained in Paragraph no. 13.

14. AHL denies the allegations contained in Paragraph no. 14.

15. AHL denies the allegations contained in Paragraph no. 15.

16. AHL denies the allegations contained in Paragraph no. 16.

17. With respect to the allegations contained in Paragraph no. 17, AHL denies liability; and states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

18. With respect to the allegations contained in Paragraph no. 18, states it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein, and therefore denies same.

**19.** With respect to the allegations contained in Paragraph no. 19, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

**20.** With respect to the allegations contained in Paragraph no. 20, states it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies same.

**21.** With respect to the allegations contained in Paragraph no. 21, admits Plaintiff has requested a trial by jury; and denies the remaining allegations contained therein, including subparts (1)-(5).

**22.** AHL denies all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**23.** The Petition fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

**24.** No benefits are payable under the Policy as a result of the death of Oddo, and the Policy is void and of no effect, and should be judicially rescinded because of material misrepresentations on the application under Louisiana law.  Specifically, by application dated October 28, 2011, Oddo applied for life insurance with AHL and represented thereon that he reviewed the questions and answers on the application and the statements thereon were complete, true, and correctly recorded.  Effective November 15, 2011, AHL issued the Policy in reliance on the truthfulness of the representations and

answers on the application and during the underwriting process. On the application, Oddo answered "no" to question 4 and 5, and denied and failed to disclose on the application any adverse health history. Oddo died within two years of issuance of the Policy and, during a routine investigation of the Claim, AHL learned that he failed to disclose certain health history on the insurance application or to AHL during the underwriting process, including without limitation in response to questions 4 and 5 on the application, as set forth more fully in AHL's letters dated April 10, 2013 and June 14, 2013,, and the medical records of Oddo. Had Oddo's true medical and employment history been disclosed, AHL would not have issued the Policy. Upon learning of the material misrepresentations on the application, AHL promptly notified Plaintiff that AHL would not be bound by the Policy, rescinded the Policy, and refunded the premiums attributable to the Policy.

### Third Affirmative Defense

25. Plaintiff's claims are barred, in whole or in part, by the application of the doctrine of failure to mitigate damages.

### Fourth Affirmative Defense

26. Plaintiff's claims are barred, in whole or in part, by all exclusions, limitations, and other applicable provisions of the Policy.

### Fifth Affirmative Defense

27. Plaintiff's claims are barred, in whole or in part, by her failure to satisfy conditions precedent.

### Sixth Affirmative Defense

28. Plaintiff's claims are barred, in whole or in part, under the doctrines of unclean hands, laches, payment, tender, release, accord and satisfaction, waiver, and/or estoppel.

### Seventh Affirmative Defense

29. Plaintiff's claims are barred, in whole or in part, under the doctrine of statute of frauds and/or the parol evidence rule.[1]

### Eighth Affirmative Defense

30. Plaintiff's claims are barred, in whole or in part, as Plaintiff's damages, if any, were due to and proximately caused by the sole negligence of Plaintiff, Mr. Oddo, and/or others, or alternatively, by the intentional acts of misconduct by Plaintiff and others.

### Ninth Affirmative Defense

31. Plaintiff's claims are barred, in whole or in part, by the negligence and/or conduct of Plaintiff, Mr. Oddo, and/or others, which constituted the sole proximate and/or concurring, superseding, and/or intervening cause of Plaintiff's alleged damages, if any.

### Tenth Affirmative Defense

32. Plaintiff's claims are barred, in whole or in part, as no acts or omissions on the part of AHL were the proximate cause or cause in fact of some or all of the damages allegedly suffered by Plaintiff (the existence of such damages being denied).

---

[1] Alternatively, AHL asserts such defenses as objections to the admission of Plaintiff's evidence.

{N2713439.1}

### Eleventh Affirmative Defense

33. Plaintiff's claims are barred, in whole or in part, as Plaintiff's damages, if any, were caused by third parties over whom AHL has no control/right of control.

### Twelfth Affirmative Defense

34. Plaintiff's claims are barred, in whole or in part, by the doctrines of negligence, fault of the Plaintiff and others, and contributory and/or comparative negligence. If it is determined that AHL was negligent, which is denied, then the negligence of AHL and any others' negligence should be compared, and the damages awarded to Plaintiff, if any, should be determined and/or apportioned by the amount of each party's fault and negligence in accordance with the negligence laws of this State.

### Thirteenth Affirmative Defense

35. To the extent Plaintiff alleges that Tamor made misrepresentations or omissions, or committed other misconduct which Plaintiff seeks to impute to AHL, no agency relationship existed between Tamor and AHL with respect to such misrepresentations or omissions, or misconduct, and it would therefore be outside any actual, implied, or apparent authority and thereby not imputed to or binding on AHL, and made outside the scope of any agency relationship.

### Fourteenth Affirmative Defense

36. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages, if any.

### Fifteenth Affirmative Defense

37.     Plaintiff's claims are barred, in whole or in part, as LA. REV. STAT. ANN. § 9:5606 perempts Plaintiff's claims.

### Sixteenth Affirmative Defense

38.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or laches.

### Seventeenth Affirmative Defense

39.     Plaintiff's Petition fails to state a claim upon which attorneys' fees can be awarded and/or fails to allege facts which, if proven, would entitle Plaintiff to an award of attorneys' fees.

### Eighteenth Affirmative Defense

40.     Plaintiff's bad faith claims are barred, in whole or in part, because an honest disagreement or innocent mistake does not support a bad faith claim.

### Nineteenth Affirmative Defense

41.     AHL is not liable for claims by Plaintiff because AHL's conduct and disclosures at all times complied with, and were made in good faith conformity with, all applicable laws, rules, regulations, and contracts.

### Twentieth Affirmative Defense

42.     Plaintiff's claims for extra-contractual and/or punitive damages are barred, in whole or in part, because such claims violate statutory and state and federal constitutional rights under the circumstances presented here.

## Twenty First Affirmative Defense

**43.** The assessment of punitive or exemplary damages violates the United States Constitution, due process rights under the Fifth and Fourteenth Amendments, and the prohibition against excessive fines.

**44.** AHL does not know which, if any, additional affirmative defenses may apply. AHL has not knowingly or intentionally waived any affirmative defenses and it reserves the right to adopt and assert any additional affirmative defenses of which it may learn through discovery.

## PRAYER

**45.** AHL requests the following relief:

    (a) That Plaintiff take nothing by reason of her suit;

    (b) That AHL be dismissed with its costs; and

    (c) That AHL have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

<div style="margin-left:auto">

Respectfully submitted,

*s/Covert J. Geary*
COVERT J. GEARY (#14280)
BRITTANY M. SIMPSON (#34767)
Jones Walker LLP
201 St. Charles Avenue, 49th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8463
Facsimile: (504) 589-8463
*cgeary@joneswalker.com*
*bsimpson@joneswalker.com*


Andrew G. Jubinsky, *pro hac vice* to be filed
Texas Bar No. 11043000
*andy.jubinsky@figdav.com*
Ryan K. McComber, *pro hac vice* to be filed
Texas Bar No. 24041428
*ryan.mccomber@figdav.com*
**FIGARI & DAVENPORT, L.L.P.**
3400 Bank of America Plaza
901 Main Street
Dallas, Texas 75202
Telephone: (214) 939-2000
Facsimile: (214) 939-2090

**Attorneys for American Heritage Life Insurance Company**

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system this 21st day of October, 2013.

<div style="margin-left:auto">

*s/Covert J. Geary*

</div>