UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER ODDO** | **CIVIL ACTION NO.: 13-6141** |
| **VERSUS** | **JUDGE: KURT D. ENGELHARDT** |
| **AMERICAN HERITAGE LIFE INSURANCE COMPANY, ET AL.** | **MAG JUDGE: DANIEL E. KNOWLES, III** |

## ANSWER WITH JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendant, Brandi L. Tamor, which, in response to the Petition for Damages filed by the Plaintiff, respectfully aver:

### FIRST DEFENSE

The plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant affirmatively asserts that she owes no contractual or legal duty to Plaintiff under the facts and circumstances as alleged in the Petition.

### THIRD DEFENSE

Defendant denies that her acts or omissions constitute guilt of any breach of contract or legal fault constituting a proximate cause of the alleged claims of the Plaintiff.

### FOURTH DEFENSE

Defendant avers that any damages caused to Plaintiff, which are hereby denied at all times, resulted solely from the fault and/or actions of others for whom Defendant is not responsible.

**FIFTH DEFENSE**

Plaintiff's claims against Defendant are prescribed and/or otherwise time barred.

**SIX DEFENSE**

Plaintiff's claims against Defendant are preempted pursuant to La. R.S. 9:5606.

**SEVENTH DEFENSE**

Plaintiff has no right of action against Defendant.

**EIGHTH DEFENSE**

The subject insurance contract in dispute was between Plaintiff and American Heritage Life Insurance Company.  Defendant was not a party to that contract and had no obligations or liabilities pursuant to that contract.

**NINTH DEFENSE**

Defendant hereby pleads all terms of the insurance contract(s) between William A. Oddo and American Heritage Life Insurance Company, as if copied herein in full, as the best evidence of the terms, conditions, provisions, limitations and exclusions contained in the insurance policy itself.

**TENTH DEFENSE**

Defendant affirmatively asserts the fraud and/or mistake of William A. Oddo as a complete bar, or alternatively in diminution of any recovery herein.

**ELEVENTH DEFENSE**

If the Plaintiff suffered any injuries, then said injuries were contributed to by his/her fault and/or negligence, which fault serves as a total bar or diminution of any recovery herein.

**TWELVETH DEFENSE**

In the event it is determined that the Plaintiff failed to mitigate his/her alleged damages, if any, then any recovery should be reduced or eliminated.

**THIRTEETH DEFENSE**

Plaintiff's alleged incident, which is specifically denied, and any and all loss, damage, injury, or death or destruction resulting therefrom, was in no way caused by the fault, negligent, design, or want of due care on the part of Defendant, her agents, servants, or employees, or anyone for whom Defendant may have been responsible.

**AND NOW**, in response to the allegations of the Plaintiff's Petition for Damages, Defendant avers:

I.

The domiciliary allegations pertaining to Defendant are admitted. The remaining allegations contained in Paragraph 1 of the Petition are denied for lack of sufficient information to justify a belief therein.

II.

To the extent that the allegations contained in Paragraph 2 of the Petition state legal conclusions, they do not require a response from Defendant. To the extent that a response is required, the allegations contained in Paragraph 2 of the Petition are denied for lack of sufficient information to justify a belief therein.

III.

To the extent that the allegations contained in Paragraph 3 of the Petition state legal conclusions, they do not require a response from Defendant. To the extent that a response is

required, the allegations contained in Paragraph 3 of the Petition are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

V.

The allegations contained in Paragraph 5 of the Petition are denied for lack of sufficient information to justify a belief therein.

VI.

The allegations contained in Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph 7 of the Petition are denied for lack of sufficient information to justify a belief therein.

VIII.

The allegations contained in Paragraph 8 of the Petition are denied for lack of sufficient information to justify a belief therein.

IX.

To the extent that the allegations contained in Paragraph 9 of the Petition state legal conclusions, they do not require a response from Defendant.  To the extent that a response is required, the allegations contained in Paragraph 9 of the Petition are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph 10 of the Petition are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph 11 of the Petition are denied for lack of sufficient information to justify a belief therein.

XII.

The allegations contained in Paragraph 12 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIII.

The allegations contained in Paragraph 13 of the Petition are denied for lack of sufficient information to justify a belief therein.

XIV.

The allegations contained in Paragraph 14 of the Petition are denied.

XV.

The allegations contained in Paragraph 15 of the Petition are denied.

XVI.

To the extent that the allegations contained in Paragraph 16 of the Petition state legal conclusions, they do not require a response from Defendant.  To the extent that a response is required, the allegations contained in Paragraph 16 of the Petition are denied for lack of sufficient information to justify a belief therein.

XVII.

To the extent that the allegations contained in Paragraph 17 of the Petition state legal conclusions, they do not require a response from Defendant.  To the extent that a response is required, the allegations contained in Paragraph 17 of the Petition are denied for lack of sufficient information to justify a belief therein.

XVIII.

The allegations contained in Paragraph 18 are denied.

XIX.

The allegations contained in Paragraph 19 are denied.

XX.

To the extent that the allegations contained in Paragraph 20 of the Petition state legal conclusions, they do not require a response from Defendant.  To the extent that a response is required, the allegations contained in Paragraph 20 of the Petition are denied for lack of sufficient information to justify a belief therein.

XXI.

The allegations contained in Paragraph 21 of the Petition do not call for a response on the part of Defendant.  To the extent that a response to Paragraph 21 is required, Defendant denies

the allegations contained in Paragraph 21 for lack of sufficient information to justify a belief therein.

XXII.

Defendant denies any unnumbered, misnumbered, or otherwise unanswered allegations contained in the Petition.

**JURY DEMAND**

Defendant hereby requests a trial by jury.

**WHEREFORE**, premises considered, Defendant prays that this Answer be deemed good and sufficient, and that after all due delays and proceedings are had, there be judgment herein in her favor, dismissing Plaintiff's claims with full prejudice and at Plaintiff's cost. Defendant further prays for a trial by jury, as well as all general and equitable relief to which they are justly entitled.

    Respectfully submitted:

    JUNEAU DAVID
    (A PROFESSIONAL LAW CORPORATION)


BY: /s/ JOSHUA K. TRAHAN
    JOSHUA K. TRAHAN (T.A.) ID No. 30766
    jkt@juneaudavid.com
    The Harding Center
    1018 Harding Street, Suite 202
    Post Office Drawer 51268
    Lafayette, LA 70505-1268
    Telephone No. (337) 269-0052
    Facsimile No.: (337) 269-0061
    COUNSEL FOR DEFENDANT, BRANDI L. TAMOR

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29th 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all known counsel of record who are participants.

/s/ JOSHUA K. TRAHAN
JOSHUA K. TRAHAN

Case 2:13-cv-06141-KDE-DEK Document 10 Filed 10/29/13 Page 9 of 9