UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

JENNIFER ODDO                                            CIVIL ACTION

VERSUS                                                         NO. 13-6141

AMERICAN HERITAGE LIFE                          SECTION  "N"  (3)
INSURANCE COMPANY, ET AL

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 13).  American Heritage

Life Insurance Company ("American Heritage") has filed an opposition memorandum at Rec.

Doc. 19.   Plaintiff has filed a reply memorandum at Rec. Doc. 25.

**I. BACKGROUND:**

Plaintiff Jennifer Oddo commenced this action in the Twenty-Fourth Judicial District

Court for the Parish of Jefferson, State of Louisiana, against defendants American Heritage (an

affiliate of Allstate Corporation, "Allstate") and Brandi Tamor, an insurance agent or

representative.  (*See* Rec. Doc. 2-1 at 5-10 of 15).   Plaintiff's thirty-seven-year-old husband died

of a heart attack on November 5, 2012, and she seeks the $150,000 in benefits provided under

his life insurance policy, plus interest and statutory damages and penalties for failure to timely

pay the claim.

Plaintiff alleges that American Heritage denied her request for payment of benefits on

grounds that her husband had a medical condition that was not disclosed in the application and

that the policy would not have been issued had the medical condition been disclosed. *Id.* at ¶¶ 7 - 8. Plaintiff alleges that American Heritage, however, in fact did know of her husband's medical condition because he disclosed on his first application in 2009 that he had heart problems. *Id.* at ¶ 10. Moreover, the physician performing the medical examination on behalf of American Heritage noted that Oddo had heart problems and was taking medication for them. *Id.* Plaintiff alleges upon information and belief that this same information was disclosed by Oddo on his application for life insurance in 2010 and 2011. *Id.* at ¶ 12. Further, because of these heart problems, Oddo had applied for and was issued by Allstate a "Heart Attack, Heart Disease and Stroke Policy," which provided additional benefits over and above his health insurance benefits, for any medical costs incurred due to treatment for a heart attack, heart disease, or stroke. *Id.* at ¶ 11. Allstate issued this policy for 2010 and 2011. *Id.* at ¶ 12.

Brandi Tamor was the insurance agent who handled Oddo's applications. *Id.* at ¶ 14-16. Plaintiff alleges that after the initial application, Tamor did not consult Oddo in filling out all subsequent applications, but rather completed the applications herself and signed Oddo's name electronically. *Id.* at ¶¶ 14, 19. Plaintiff alleges that Tamor's knowledge, actions, and omissions should be imputed to Allstate as a result of an agency relationship. *Id.* at ¶ 16. Alternatively, plaintiff alleges that Tamor herself is liable to plaintiff for damages caused by her actions in completing the application with information she knew to be incorrect, in failing to consult Oddo, in failing to show him the application, and in failing to obtain his signature. *Id.* at ¶¶ 17-19.

American Heritage removed the case to this Court on the basis of diversity jurisdiction, asserting that Tamor's citizenship should be disregarded because she has been improperly joined.

## II. <u>LAW AND ANALYSIS</u>:

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir.2004) (en banc).  Further, no properly joined, served defendant may be a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).  Here, there is no dispute that the matter in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The sole issue is whether there is complete diversity — *i.e.*, whether the citizenship of each defendant is diverse from that of each plaintiff.  *See, e.g., Vela v. Manning*, 469 Fed. Appx. 319 (5th Cir. 2012) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

### A.    <u>The Test for Improper Joinder</u>:

"The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.' " *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir.2005) (internal quotation omitted)).  "Improper joinder may be established by either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.' " *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 68 (5th Cir. 2010) (quoting *Smallwood*, 385 F.3d at 573).  Here, American Heritage does not contend that the plaintiff fraudulently pleaded jurisdictional facts, and only the second form of improper joinder is at issue.  Thus, the test is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for

3

the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.   "If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility, however, must be reasonable*, not merely theoretical." *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (emphasis in original) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

In "predicting whether a plaintiff has a reasonable basis of recovery under state law," the "court may resolve the issue in one of two ways":   (1) "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant;" or (2) in cases where it appears that the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Smallwood*, 385 F.3d at 573.  Where the Court finds the latter approach to be warranted, it may "consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell*, 509 F.3d at 669.  However, the purpose of the summary inquiry is solely "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573-74.  The focus is on the propriety of joinder, not the merits, and the plaintiffs' motive for joining the in-state defendant is irrelevant. *Id.*  Further, "the court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "must resolve all ambiguities of state law in favor of the non-removing party." *Campbell*, 509 F.3d at 669 (internal quotations omitted).

4

**B.     Is Plaintiff's Motion to Remand Untimely?**

American Heritage argues that plaintiff "did not timely contest the removal under 28

U.S.C. § 1447(c)." Rec. Doc. 19 at 5. This argument is wholly unfounded. The thirty-day

period for seeking remand is limited to those seeking remand "on the basis of any defect other

than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). In contrast, "[i]f at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case

shall be remanded." *Id.* Plaintiff's motion is limited solely to the issue of subject matter

jurisdiction. Thus, it is timely.

**C.     Is There a Reasonable Basis to Predict that Plaintiff Might Be Able to
         Recover Against Brandi Tamor?**

American Heritage argues that plaintiff has no possibility of recovery against Brandi

Tamor because (1) her claims against Tamor are time-barred under the one-year peremptive

period established in Louisiana Revised Statute section 9:5606; and (2) she has otherwise failed

to state a claim against Tamor for which relief may be granted.

**1.     Preemption:**

The time limits for commencing actions against insurance agents are found in Louisiana

Revised Statute section 9:5606, which provides:

**§ 5606. Actions for professional insurance agent liability**

A. No action for damages against any insurance agent, broker, solicitor, or other
similar licensee under this state, whether based upon tort, or breach of contract, or
otherwise, arising out of an engagement to provide insurance services shall be
brought unless filed in a court of competent jurisdiction and proper venue within
one year from the date of the alleged act, omission, or neglect, or **within one year
from the date that the alleged act, omission, or neglect is discovered or
should have been discovered.** However, even as to actions filed within one year

from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

C. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.

D. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

La. Rev. Stat. § 9:5606 (emphasis added).

Peremption is an affirmative defense. Thus, the question for the Court is whether there is any possibility that plaintiff might survive the affirmative defense or, stated differently, whether there is any reasonable basis to predict that plaintiff might be able to survive the affirmative defense. *Smallwood*, 385 F.3d at 573; *cf. Parkway Imaging Center, Inc. v. Home Life Financial Assur. Corp.*, 198 F.3d 240 at *6 (5th Cir. 1999) ("[I]f there exists any possibility that the plaintiff might survive the affirmative defense, we must vacate the district court's judgment of fraudulent joinder and remand the cause to state court.").

American Heritage argues that the one-year peremptive period of section 5606 begins to run on the date of purchase of the policy. Given that the policy in question was issued on November 15, 2011, American Heritage argues that any claims based on Tamor's alleged negligence in completing and submitting the application would have been extinguished one year later, on November 15, 2012, thus making plaintiff's September 2013 petition nearly ten months late. *See* Rec. Doc. 19 at 8. This argument is contrary to the statutory language and is not

supported by the cases cited by the defendant.[1]   The one-year period plainly runs "from the date

that the alleged act, omission, or neglect is discovered or should have been discovered."  La.

Rev. Stat. § 9:5606(A).

American Heritage argues alternatively that Tamor's alleged negligence should have

been discovered when plaintiff's husband received a copy of the new policy in November 2011.

In support of this argument, American Heritage points to policy language such as:  "This policy

is issued in consideration of the application and payment of the first premium."  Rec. Doc. 19-1

at 3 of 27.   American Heritage also relies on "BENEFICIARY:  AS NAMED IN THE

APPLICATION FOR THIS POLICY OR AS LATER CHANGED," as well as the following

provision on page 13 of the policy:

> **Entire Contract; Changes**. The entire contract consists of:
> 1. this policy; and
> 2. the application; and
> 3. any riders, amendments or endorsements attached to this policy.
>
> **Incontestability.** We rely on the statements made in the application for this
> policy, any application(s) for reinstatement and any application(s) for
> increases in the specified amount.

---

[1]  American Heritage cites *Calvin v. Janbar Enterprises, Inc,* 856 So. 2d 88 (La. Ct. App.
4th Cir. 2003), *writ denied*, 865 So. 2d 92 (La. 2004); *Whitfield v. Alpha Ins., LLC,* 280 Fed.
Appx. 363 (5th Cir. 2008); *Bel v. State Farm Mutual Auto Ins. Co.,* 845 So. 2d 377 (La. Ct. App.
1st Cir.), *writ denied*, 845 So.2d 1057 (La. 2003)), none of which support this argument.  Only
one cited case does:  *Voitier v. Stanford*, 2012 WL 3526971 (W.D. La. 2012).  However, the
Magistrate Judge's statement of Louisiana law in that case does not correspond with the
jurisprudence cited therein.  Although addressing the one-year peremptive period, the *Voitier*
report and recommendation relies on cases primarily addressing the three-year period (which
runs from the act or omission regardless of when it is discovered).  More importantly, none of
cases relied on in *Voitier* contain any language indicating that either the one-year or the three-
year peremptive period necessarily commences to run on the date a policy is purchased.   What
constitutes the triggering act or omission will differ according to the individual facts.  The same
is true for actual or constructive notice or discovery.

Rec. Doc. 19-1 at 5 of 27, 17 of 27.   American Heritage argues that these provisions should have

prompted Oddo to read the application, which would have revealed to him the mistakes that

Tamor had made in failing to report the medical conditions that Oddo had previously reported.

To support this argument, American Heritage relies on cases based on an agent's alleged failure

to procure the type of coverage requested or alleged misrepresentations about the type of

coverage obtained.   *E.g., Dobson v. Allstate Ins. Co.,* 2006 WL 2078423 (E.D. La. 2006) (in

light of clearly worded, bolded flood exclusion in the policy, plaintiffs "could not justifiably rely

on the alleged misrepresentations of their insurance agents about the type of coverage they

held"); *Motors Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F.2d 199, 205 (5th Cir. 1990) (in light of

various facts, including insured's daily involvement with constantly changing schedules of

covered vessels, district court did not err in finding after bench trial that insured bore the fault

for omission of vessel from schedule); *Ruiz v. Allstate Ins. Co.,* 295 Fed. Appx. 668 (5th Cir.

2008) (where policy contained unambiguous flood exclusion and brochure advertising separate

flood insurance, insured should have known that the policy obtained did not cover flood

damage).

It is possible that a court would agree with American Heritage and find that a reasonable

person in Oddo's shoes would have discovered Tamor's alleged negligence upon receiving a

copy of the policy.   However, the facts presented here are significantly different from those in

the cases relied upon by American Heritage.   Unlike in those cases, the plaintiff here does not

allege that Tamor failed to obtain the coverage requested.   Plaintiff contends that Tamor

procured precisely the coverage desired:   a renewal of the policy previously issued.   Her alleged

8

negligence is in failing to report Oddo's medical history — history that he had accurately

reported in a previous application — an omission which American Heritage now cites as its basis

for voiding the policy after Oddo's death.   Moreover, this policy was a renewal of policies

issued in previous years.  Under these facts, the Court finds it equally probable that a court

would find in plaintiff's favor on the issue of whether a reasonable person in Oddo's shoes

would have discovered Tamor's omissions.  Particularly given that the court "must resolve all

ambiguities of state law in favor of the non-removing party" and must take "all unchallenged

factual allegations, including those alleged in the complaint, in the light most favorable to the

plaintiff,"[2] the Court finds that there is reasonable basis for predicting that the plaintiff's claims

against Tamor will survive any challenge based on the affirmative defense of peremption.

### 2.   **Failure to State a Claim**:

American Heritage argues in the alternative that plaintiff has failed to state a claim

against Tamor.   It bases this argument on the fact that plaintiff did not specifically allege in her

petition that Oddo made any request of Tamor to procure the policy in question.  Rec. Doc. 19 at

13.   Since Tamor cannot be negligent in procuring insurance that she was never asked to

procure, American Heritage argues, the plaintiff's allegations fail to state a claim for negligence.

This argument is without merit.  Any reasonable person reading the petition would infer the fact

that Oddo had asked Tamor to renew the policy.   Neither state nor federal courts require such

hyper-technical pleading.  *See* Fed. R. Civ. P. 8; La. Code Civ. P. art. 854.   Moreover, the

allegations of the petition are to be construed in the light most favorable to the plaintiff.  Doing

so, the Court finds that she has set forth a claim against Tamor for which relief may be granted.

---

[2]   *Campbell*, 509 F.3d at 669 (internal quotations omitted).

### III. <u>CONCLUSION</u>:

Based on all of the foregoing, the Court finds that American Heritage has failed to carry its burden of demonstrating that there is no possibility of recovery by the plaintiff against Brandi Tamor.   Consequently, Tamor was not improperly joined, her citizenship defeats diversity, and this Court is without subject matter jurisdiction.   Accordingly;

**IT IS ORDERED** that:

1)      Plaintiffs' Motion to Remand (Rec. Doc. 13) is hereby **GRANTED**; and

2)      this matter is hereby **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 23rd day of December, 2013.

_____
**KURT D. ENGELHARDT**
**United States District Judge**